Edward **MONBORNE** et al., **Plaintiffs,**

v.

**UNITED MINE WORKERS OF AMERICA et al., Defendants.**

**Civ. A. No. 71–690.**

United States District Court,
W. D. Pennsylvania.

Jan. 24, 1973.

---

**256**

Joseph Yablonski, Washington Research Project, Washington, D. C., Kenneth Yablonski, Washington, Pa., Patrick H. Washington, Johnstown, Pa., for plaintiffs.

Harrison Combs, Washington, D. C., Eugene A. Creany, Ebensburg, Pa., for defendants.

## ORDER

McCUNE, District Judge.

On May 10, 1972, this court, 342 F. Supp. 718, entered summary judgment for plaintiffs under Rule 56 of the Federal Rules of Civil Procedure dissolving the trusteeship imposed by the United Mine Workers of America on District No. 2 of that union. We held that the trusteeship had been imposed in violation of the Labor Management Reporting and Disclosure Act of 1959, § 304, 29 U.S.C. § 464 (herein LMRDA).

We held that an election would be required at some practicable time in some practicable manner by which the officers of District 2 might be chosen. We have received proposals concerning how and when that election should be held.

We have observed that a similar case has been decided in the United States District Court for the District of Columbia involving Districts 4, 6, 17, 23, 25, 30 and 31 of the same union and that the decision there required elections in the districts just mentioned and we have observed that the Honorable Joseph C. Waddy of that court has ordered that the elections in Districts 4, 6, 17, 23, 25, 30 and 31 must be carried out under the supervision of the Secretary of Labor.

■ In our view some uniformity in conducting the elections in the various districts, including District 2, is desirable for obvious reasons although the obligations imposed on the Secretary of Labor may require that he be given some flexibility in scheduling elections.

Accordingly we intend to adopt generally the same methods for carrying out the election in District 2 as were imposed by Judge Waddy to cover Districts 4, 17, 23, 25, 30 and 31 (District 6 was subject to special consideration).

■ Therefore the following is ordered:

1. District 2 shall conduct nominations and elections of officers, including District President, Secretary-Treasurer, International Executive Board member and District Board members under such rules and regulations as the Secretary of Labor may prescribe and insofar as practicable in accordance with the International Constitution. (District 2 has no constitution.)

2. The dates, the times and the places of the nomination and election meetings within District 2 shall be subject to the approval of the Secretary of Labor.

The election shall be concluded by August 1, 1973.

3. The result of the election shall be subject to the certification of the Secretary of Labor and the individuals declared by this court to be duly elected shall thereafter be installed and shall serve for a term of four years.

4. Meanwhile, until the installation of the aforesaid officers the present officers shall continue to conduct the affairs of District 2 but those affairs insofar as in the judgment of the Secretary of Labor they may be related in any way to the nomination and election of officers or to the preservation of the assets of the District or to the termination of the trusteeship and the restoration of full and complete autonomy to the District, shall be subject to the supervision of the

Secretary of Labor and to such further orders of the court as may be from time to time required.

5. Within 120 days after termination of the election, the President of District 2 shall convene a District Convention for the purpose of adopting a District Constitution. Prior to such convention District 2 shall conduct an election of delegates who shall attend such convention. Each local union shall be entitled to elect at least one delegate, the number of delegates to be determined on the basis of one delegate for every fifty members or major fraction thereof. At the District Convention the delegates may cast as many votes as there are members in the respective locals. Where there is more than one delegate from a local union, the number of votes which they may cast shall be divided equally among all the delegates. The elections of delegates shall be conducted by secret ballot among the members in good standing of the various local unions under the supervision of the Secretary of Labor and in accordance with such rules and regulations as the Secretary of Labor shall prescribe. The election of delegates will be held at the same time as the election of District Officers and International Executive and District Board members.

6. The Constitution adopted by such District Convention shall include rules and procedures for the conduct of future elections of the District officers and the International Executive Board member. The rules and procedures so adopted shall be consistent with this Order, the provisions of Title IV of the LMRDA (29 U.S.C. § 481 et seq.), and the lawful provisions of the defendant union's International Constitution. Each Constitution shall specify the officers of the District, the terms of office to be served, the procedure for nominating and electing officers, and the authority and duties of each officer.

The District President shall chair the Convention which shall be conducted under the supervision of the Secretary of Labor and under such rules and directions as he may prescribe.

The District shall file with the Secretary of Labor two copies of such Constitution as they may adopt as soon thereafter as practicable.

7. Until the regular 1976 International Convention, the defendant International Union shall not change the boundaries of District 2 involved herein or restructure the District in such a way as would deprive it of any rights to which it or its members are presently entitled without affording every member in good standing within such District the right to vote by secret ballot on whether such proposed change in boundaries or restructuring should be approved.

8. Within ninety (90) days after the termination of the trusteeship, the International Union shall file with the Secretary of Labor for such District:

(a) A Terminal Trusteeship Information Report, on Department of Labor Report Form LM–16, in accordance with section 408.8 of the Regulations (29 C.F.R. 408.8) prescribed by the Secretary pursuant to section 208 of the Act (29 U.S.C. § 438).

(b) A Terminal Trusteeship Financial Report, on Department of Labor Report Form LM–2, in accordance with section 408.7 of the Secretary's Regulations (29 C.F.R. 408.7).

9. At the time the newly elected officers of District 2 are installed all interim authority placed in the interim officers shall cease.

10. The UMW of America, shall publish forthwith in its Journal a statement that the District 2 trusteeship has been set aside and dissolved (although it is not required that the full text of the court's opinion be published) and this order preceded by the words "Notice of Election in District 2."

11. District 2 shall prepare or cause to be prepared within 15 days of the entry of this order a complete list of all local unions within the aforementioned District containing the number of working and retired miners in each ~al union, the names, addresses and

phone numbers of each local union officer and the site and dates of the local's regularly scheduled meetings, and make such list available to each *"bona fide candidate"* for District office upon request and to the Secretary of Labor.

12. District 2, its agents, Trustees and officers shall honor all reasonable requests by "bona fide candidates" to distribute campaign literature pursuant to section 401(c) of the Act (29 U.S.C. § 481(c)).

13. This order does not dispose of any petition for counsel fees or expenses but counsel in view of the changes which have taken place in the UMW of America since May 10, 1972, shall renew their petition for the same if their position remains unchanged, within 30 days from the date hereof.

14. The court shall retain jurisdiction of this matter in order to provide such further relief as may be necessary to effectuate the purposes of this order until such time as the Secretary of Labor shall certify to it that there has been full compliance with the terms of this order.

15. It is recognized that the Secretary of Labor was not a party to this action. Nevertheless, this order is made with the view that it is the proper order under the circumstances.